# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                        Case No. 07-CR-123

**LINDSEY K. FERGUSON, et. al.,**

    **Defendants.**

## ORDER ON THE DEFENDANT'S PRETRIAL MOTIONS

    This complex twenty-six defendant criminal prosecution was initiated by way of a criminal complaint signed by this court on May 9, 2007. On May 22, 2007, the grand jury returned a fifteen count indictment alleging in count two that Lindsey K. Ferguson ("Ferguson"), conspired to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846. Also included in the indictment was a notice of forfeiture. On May 24, 2007, this case was designated as complex and on July 10, 2007, the grand jury returned a superseding indictment adding twelve defendants to this case. The charges against Ferguson remained unchanged except in that the indictment alleged that the defendant conspired to distribute specifically cocaine. The superseding indictment again contained a forfeiture notice.

    On July 19, 2007, the court ordered that all non-Title III motions were to be filed no later than September 17, 2007 and the government shall respond no later than October 1, 2007. (Docket No. 89.)

    On September 17, 2007, Ferguson filed five pretrial motions. (Docket No. 173, Motion for Disclosure of Expert Witnesses; Docket No. 174, Motion to Compel Preservation of Notes; Docket

No. 175, Motion for Release of Brady Materials; Docket No. 176, Motion for Disclosure of Destruction of Evidence; Docket No. 177, Motion for Disclosure of Intent to Use Other Crime, Wrongs, or Acts). The government has failed to respond to these motions.

As for the defendant's motion for disclosure of the government's intent to use evidence of other crimes, wrongs, or acts, (Docket No. 177), pursuant to Rule 404(b), a formal motion is not required but rather a defendant must simply request notice. The defendant's motion shall serve as the required notice and therefore no further action of this court is required. If the government shall seek to admit evidence of other crimes, wrongs, or acts, it shall be in accordance with Rule 404 and related Federal Rules of Evidence.

Similarly, Ferguson's motion for disclosure of expert witnesses, (Docket No. 174), is not a proper motion and shall be denied. If the government shall seek to introduce expert testimony it shall comply with the Federal Rules of Evidence. To the extent that Ferguson's motion is a motion for discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), Ferguson's motion is denied for the defendant's failure to comply with Criminal Local Rule 16.1(a).

It is also pursuant to Federal Rule of Criminal Procedure 16(a)(1) that Ferguson seeks disclosure of for the production of evidence favorable to accused. (Docket No. 175.) The court must also deny this motion for the defendant's failure to comply with Criminal Local Rule 16.1(a). To the extent that Ferguson's motion for evidence favorable to the defendant is a motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and the progeny thereof, Ferguson's motion is again not a proper motion. Brady is a disclosure rule, not a discovery rule. United States v. Higgins, 75 F.3d 332, 335 (7th Cir. 1996). "A prosecutor must disclose information favorable to the defense, but disclosure need not precede trial." Id. The court is confident that the government is well-aware of its obligations under Brady and its progeny and therefore no action by this court is required.

Ferguson's motion to compel the preservation of the rough notes of state and federal investigators and attorneys is unopposed and therefore the court shall grant this motion. All investigative notes related to this case in the possession of state or federal investigators or attorneys shall be preserved until such time that the court may determine whether or not production is required by law.

Finally, Ferguson seeks disclosure of the destruction of evidence. Specifically, the defendant seeks the court order the government "to disclose a description of all evidence connected with this case which has been destroyed, whether or not such destruction was with the acquiescence of the Government, and whether any such destruction was intentional or inadvertent." (Docket No. 176.)

Ordinarily, motions for disclosure of destruction of evidence are quickly denied as moot when the government states in its reply that it is unaware that any evidence has been destroyed. See, e.g., United States v. Arberry, 2007 U.S. Dist. LEXIS 23286, 8-9 (E.D. Wis. 2007); United States v. Covens, 2007 U.S. Dist. LEXIS 22262, 12 (N.D. Ill. 2007). However, the government has not responded in this case.

Because the defendant's motion is unopposed, the court would be inclined to grant it. However, the defendant's motion is overbroad. The defendant is not entitled to a list of every piece of potentially relevant evidence that was disposed of. However, under Brady and the progeny thereof, the defendant is entitled to be made aware of any evidence that was potentially exculpatory or was destroyed in bad faith. And therefore, the court shall grant the defendant's motion in part.

**IT IS THEREFORE ORDERED** that the defendant's motion for disclosure of the government's intent to use evidence of other crimes, wrongs, or acts, (Docket No. 177), is **denied**. The defendant's motion shall serve as the required notice under Rule 404 and if the government shall seek to admit evidence of other crimes, wrongs, or acts, the government shall comply with Rule 404 and related Federal Rules of Evidence.

**IT IS FURTHER ORDERED** that the defendant's motion for disclosure of expert witnesses, (Docket No. 173), is **denied**. If the government shall seek to introduce expert testimony it shall comply with the Federal Rules of Evidence.

**IT IS FURTHER ORDERED** that the defendant's motion for the disclosure of <u>Brady</u> material, (Docket No. 175), is **denied**. The government shall comply with the constitutional requirements for the disclosure of exculpatory evidence as set forth in <u>Brady</u> and the progeny thereof.

**IT IS FURTHER ORDERED** that the defendant's motion to compel the preservation of the rough notes, (Docket No. 174), is **granted**. All related investigative notes in the possession of state or federal investigators or attorneys shall be preserved until such time that the court may determine whether or not production is required by law.

**IT IS FURTHER ORDERED** that the defendant's motion for disclosure of the destruction of evidence is **granted in part**. No later than the final pretrial in this matter, the government shall disclose to the defendant any evidence that is relevant to this case that was potentially exculpatory that was destroyed or was destroyed in bad faith.

Dated at Milwaukee, Wisconsin this <u>3rd</u> day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge