# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                         Case No. 07-CR-123

**LINDSEY FERGUSON**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Lindsey Ferguson pleaded guilty to conspiring to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846, and I set the case for sentencing. In imposing sentence, I first calculate the advisory guideline range, then impose sentence under all of the factors enunciated in 18 U.S.C. § 3553(a). See, e.g., United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

### I. GUIDELINES

The parties agreed that defendant should be held responsible for a drug weight of 400-500 grams of cocaine, producing a base offense level of 24, U.S.S.G. § 2D1.1(c)(8), and that he qualified for the safety valve, providing for a 2 level reduction under § 2D1.1(b)(11). With a further 3 level reduction for acceptance of responsibility, § 3E1.1, the parties recommended a final offense level of 19. Coupled with his criminal history category of I, level 19 produces an imprisonment range of 30-37 months. I found these calculations correct and adopted them.

### II. SENTENCE

**A.    Section 3553(a) Factors**

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence," United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)," United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008),

and § 3553(a)(3) requires the court to consider non-custodial sentences even when the guidelines recommend prison, see Gall, 128 S. Ct. at 602.

**B.    Analysis**

**1.    The Offense**

This prosecution arose out of the government's investigation of Calvin Coleman and Jimmie Durant, large-scale Milwaukee-area cocaine dealers, and their Chicago-based supplier, Robert Hampton. Coleman supplied defendant with cocaine on about seven occasions, and as noted, the parties agreed that defendant should be held responsible for less than 500 grams total.

In addition to the modest drug weight, the record otherwise showed that defendant was not a significant dealer. His involvement in this conspiracy lasted just a few months, and he had a very limited customer base. Defendant operated a legitimate business at the time but ran into financial difficulties so he turned to Coleman, a friend, for a loan. Rather than a loan, Coleman offered to front defendant cocaine to sell and make some fast money. This represented aberrant behavior for a defendant who had no record for similar conduct and had maintained steady, legitimate employment throughout his adult life. He possessed no controlled substances on his arrest, and the record contained no evidence of weapon possession, violence or threats in connection with his offense.

**2.    The Defendant**

Defendant was thirty-five years old with a minimal record consisting of traffic offenses and a violation of a domestic abuse injunction offense. He successfully completed probation on the DV case. Defendant had two children and owed about $5000 in child support arrears,

3

but he maintained regular contact with his children and had been making regular payments.

Defendant presented with no substance abuse problems, and, as noted, he compiled a solid employment record. Prior to sentencing, he worked in the packing department at Weyco Group; before that he operated a music store and worked as a driver. He had been steadily employed since 1998.

### 3. Guidelines and Purposes of Sentencing

The guidelines recommended 30-37 months, but I found that range greater than necessary to satisfy the purposes of sentencing in this case. First, imprisonment was not required to provide just punishment in the case of a defendant, not an entrenched dealer, who agreed to sell cocaine on a handful of occasions due to financial difficulty. Defendant owned and operated a business and steadily worked since 1998, and it appeared from his letter to the court that he had no idea about dealing until Coleman showed him how. His involvement in this activity lasted just a few months and had already ceased by the time of his arrest.

Second, I found that prison was not necessary to protect the public. As discussed, defendant had a limited record and was capable of pro-social behavior. I also found that imprisoning him would harm his children financially and emotionally. I further noted his good performance on pre-trial release in this case, and his ability to complete probation in his previous state case. This suggested that supervision in the community was a good option. Finally, I found that close supervision in the community would be sufficient to deter defendant from re-offending.

Therefore, I found a sentence of five years' probation, with a condition of 6 months home confinement, sufficient but not greater than necessary. This sentence provided a sufficient measure of punishment and deterrence, while recognizing the limited threat to the

public and the other mitigating factors discussed. The sentence varied from the guidelines, but because it was based on the specific facts of the case and satisfied the purposes of sentencing it created no unwarranted disparity. I imposed non-standard conditions of supervision to ensure that defendant was monitored for the financial problems that motivated this conduct, and that he continued to support his children, whose welfare I also considered.

### III. CONCLUSION

Therefore, I placed defendant on probation for a period of five years. As conditions, I ordered him to serve 6 months of home confinement, provide access to all financial information requested by the supervising probation officer, and cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages and to make regular payments at the direction of the supervising probation officer. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5

Case 2:07-cr-00123-LA    Filed 09/02/08    Page 5 of 5    Document 446